UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-61395 CIV ZLOCH/SNOW

FREDRICK BLACK,

    Plaintiff

v.

APPLE, INC., a
foreign corporation,

    Defendant.
_____/

### DEFENDANT'S MOTION TO TRANSFER OR, IN THE ALTERNATIVE, STAY ALL PROCEEDINGS AND MEMORANDUM OF LAW IN SUPPORT

Defendant Apple Inc. ("Apple") respectfully moves to transfer this action to the Federal District Court for the Northern District of California pursuant to 28 U.S.C. § 1404. Related cases consolidated under the caption *The Apple iPod iTunes Antitrust Litigation* have been pending in that district for over two years and are far advanced relative to this action. The copy-cat lawsuit here makes the same allegations under Florida law as the consolidated action makes under federal and California law. However, because Florida antitrust laws are interpreted according to federal antitrust principles, and because the alleged class of Florida consumers is a subset of the alleged nationwide class in the consolidated action, this action is duplicative. For that reason, and because the factors of convenience and public interest also weigh in favor of transfer, the case should be transferred to the Northern District of California. In the alternative, to prevent duplicative litigation, the Court should stay all proceedings in this action at least until the Federal

District Court for the Northern District of California decides class certification in the consolidated action.[1]

## BACKGROUND

### A. The Related California Proceedings.

The first related California case was filed on January 3, 2005 as a purported nationwide class action and assigned to Judge Ware. On August 28, 2006, the complaint was amended to substitute Somtai Troy Charoensak, a California resident, and Mariana Rosen, a New Jersey resident, as plaintiffs. Discovery, including depositions, was taken of the two new plaintiffs. On January 22, 2007, the plaintiffs moved to certify a nationwide class of iPod and iTS purchasers. Apple deposed the plaintiffs' expert who submitted evidence in support of plaintiffs' class motion.

On July 21, 2006, a copy-cat action was filed in the same court by Melanie Tucker. It was deemed related to the Charoensak/Rosen action and assigned to Judge Ware. On March 21, 2007, after denying Apple's motion to dismiss, Judge Ware consolidated the cases under the caption *The Apple iPod iTunes Antitrust Litigation,* No. C05-00037 JW. Plaintiffs filed a consolidated complaint on April 19, 2007, and the class certification motion by the initial plaintiffs was deemed withdrawn in light of the new complaint. Class-certification discovery is proceeding, prior to a renewed class certification motion.

### B. Allegations in Both Complaints.

The consolidated California complaint, like the complaint here, alleges that Apple tied the sale of iPods and iTS content, refused to license WMA or license FairPlay to others, and "disabled" chips in the iPod. Both the consolidated California plaintiffs and Black allege that

---

[1] If the Court stays the action, it may administratively close the proceeding while the California action is pending.

- 2 -

Case 0:07-cv-61395-WJZ Document 12 Entered on FLSD Docket 10/12/2007 Page 3 of 11
Case 5:05-cv-00037-JW Document 102 Filed 10/23/2007 Page 3 of 11

CASE NO.: 07-61395 CIV ZLOCH/SNOW

Apple engaged in anticompetitive conduct by: tying the iPod and iTunes (¶ 61; AIIA Compl. ¶ 56);[2] using proprietary DRM rather than Microsoft's version of DRM (¶ 41; AIIA Compl. ¶¶ 46, 49); failing to license FairPlay to competitors (¶ 40; AIIA Compl. ¶ 50); and "disabling" the chips in iPods to prevent the use of any DRM other than its own (¶ 44; AIIA Compl. ¶ 46). The consolidated plaintiffs and Black also allege the same relevant product markets, *i.e.* the "digital music player market," "online music market," and "online video market." ¶¶ 27-29; AIIA Compl. ¶¶ 3, 6, 8.

The consolidated complaint alleges that Apple monopolized or attempted to monopolize the markets listed above in violation of the Sherman Act, 15 U.S.C. §§ 1 and 2. AIIA Compl. ¶¶ 79-114. The consolidated complaint also asserts violation of state antitrust, unfair competition, and consumer protection laws. Black asserts that Apple's conduct violates FDUTPA, Fla. Stat. §501.201 *et seq.* (Count I), and constitutes monopolization (Count II) and/or attempted monopolization (Count III) under the Florida Antitrust Act, Fla. Stat. §542.19.[3]

## ARGUMENT

### I. THE COURT SHOULD TRANSFER THE ACTION TO CALIFORNIA.

This case should be transferred to the Northern District of California, where the earlier-filed related cases are pending. "A district court 'may transfer any civil action to any other district or division where it might have been brought' if the transfer would make the litigation more convenient or would otherwise serve the interests of justice." *Balloveras v. The Purdue Pharma Co.*, No. 04-20360-CIV-MORENO, 2004 WL 1202854, at *1 (S.D. Fla. May 19, 2004)

---

[2] The consolidated complaint from the *Apple iPod iTunes Antitrust Litigation* ("AIIA") is attached hereto as Exhibit A.

[3] Florida's antitrust law is interpreted and applied according to the same body of case law as federal antitrust law. *See, e.g., All Care Nursing Serv., Inc. v. High Tech Staffing Servs., Inc.*, 135 F.3d 740, 745 n. 11 (11th Cir. 1998) ("Federal and Florida antitrust laws are analyzed under the same rules and case law.")

(citing 28 U.S.C. § 1404(a)). "The standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court." *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002). "The question of whether to transfer venue is a two-pronged inquiry:" (1) whether the action "might have been brought" in the venue to which transfer is sought and (2) whether the weighing of private and public factors show transfer is appropriate. *Cellularvision Tech. & Telecommc'ns v. Alltel Corp.*, No. 06-14146-CIV-MOORE/LYNCH, 2007 WL 1141491, at *2 (S.D. Fla. Apr. 17, 2007). The answer to both questions is yes in this case.

### A. Plaintiff Might Have Brought This Action In The Northern District Of California.

There can be no dispute that this action might have been brought in the Northern District of California. Apple does not dispute that it is subject to personal jurisdiction in California. Apple is incorporated under the laws of the State of California and maintains its principal place of business in Cupertino, California, located in the Northern District. *See* Elkin Declaration filed in support of removal, Docket Entry #1, ¶ 2. The district court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332. Venue would be proper in the Northern District of California because Apple is deemed to reside in any district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). *See Meterlogic*, 185 F. Supp. 2d at 1299-1300 (finding action "might have been brought" in district where defendant had its principal place of business because "there is no question that personal jurisdiction, venue and service of process would have been proper there"). Indeed, the strongest indication that this action might have been brought in the Northern District of California is the fact that a similar action was brought and is currently pending in that district against Apple by consumers from outside of California.

B.  The Interests of Justice Favor Transfer.

The second prong of the transfer analysis requires the Court to "balance the private and public factors to determine if the interests of justice favor transfer." *Balloveras*, 2004 WL 1202854, at * 1 (granting transfer of antitrust action brought by Florida resident on behalf of a class of Florida residents under Florida state law to Southern District of New York). One consideration is the plaintiff's choice of forum. Although normally the plaintiff's choice of forum is given "considerable deference," it "is given less than normal deference in the following two situations: (1) where the suit is a class action and (2) where the operative facts underlying the action occurred outside the district in which the action is brought." *Id.* Plaintiff brings this action as a putative class action. The complaint puts at issue the development of the iPod and iTunes products, including decisions regarding the use of antipiracy technology, all of which occurred outside of Florida in Cupertino, California at Apple's principal place of business. Declaration of Andy Hodge in Support of Defendant Apple Inc.'s Motion to Transfer or, In the Alternative, Stay All Proceedings ("Hodge Decl.") ¶ 3, attached hereto as Exhibit B.

Other factors to be considered include "the convenience of the parties, the convenience of the witnesses, the relative ease of access to sources of proof, the availability of service of process to compel the presence of unwilling witnesses, the cost of obtaining the presence of witnesses, the public interest, and all other practical problems that make trial of the case easy, expeditious, and inexpensive." *Meterlogic, Inc.*, 185 F. Supp. 2d at 1300. *See also Cellularvision Tech.*, 2007 WL 1141491, at *2.

The most important factor weighing heavily in favor of transfer here is the need to protect the public interest against duplicative litigation. As shown above, consolidated cases involving essentially the same factual and legal issues and seeking the same relief on behalf of a nationwide class of consumers have been pending for over two years in the Northern District of

California. As this Court held in another case where a related action was already pending in the transferee court, "[t]ransfer is appropriate because both courts must consider the same underlying issues. Consolidation of these proceedings in one forum would avoid duplicative litigation." *Meterlogic*, 185 F. Supp. at 1302. In the event of a transfer, the action would almost certainly be reassigned to Judge Ware under related case procedures. *See* N.D. Cal. L.R. 3-12. Judge Ware is already familiar with the issues in the case. Transfer would eliminate the risk of conflicting rulings in separate circuits. The consolidated actions in California are further along procedurally, which would advance Black and his putative class in the litigation process. Moreover, judicial economy favors transfer—there is no need to burden this busy Court or Apple with litigating issues already adjudicated or concurrently being litigated in the California court.

The remaining factors also weigh in favor of transfer to the Northern District of California. Conducting the litigation in the district where Apple is headquartered would be more convenient to Apple. The complaint puts at issue the design and development of the iPod, iTunes and iTunes Store (*see* ¶¶ 43-46, 61); marketing and sales of the iPod and iTunes products (¶¶ 5-8, 31-36); the creation and use of Apple's digital rights management ("DRM") system (¶¶ 38-39); and licensing decisions related to DRM used on the iPod and iTunes Store (¶¶ 40-42). Absent dismissal or summary judgment, the Apple employees likely to be called as fact witnesses on these subjects all reside in Northern California. Hodge Decl. ¶¶ 2-9. Moreover, Apple's operations concerning these subjects are headquartered in Cupertino. Hodge Decl. ¶ 3. If plaintiff testifies, he is likely to be the only witness located in Florida. *See Balloveras*, 2004 WL 1202854, at *2 (finding convenience of parties and witnesses favored transfer of antitrust case to district where defendant's operations were located and conduct giving rise to the action occurred, and "Plaintiff's testimony is unlikely to be required as she is merely a class

- 6 -

Case 0:07-cv-61395-WJZ Document 10 Entered on FLSD Docket 12/20/2007 Page 7 of 11
Case 3:07-cv-02540-JCS Document 21-4 Filed 02/26/2007 Page 7 of 11

CASE NO.: 07-61395 CIV ZLOCH/SNOW

representative"). The cost of cross-country travel and lost work days for Apple witnesses testifying at trial would be significant. Plaintiffs' counsel would have to travel to California to depose the witnesses even if the case is not transferred. Furthermore, the majority of the documents and evidence would likely come from Apple and would thus be located in California, although this fact may be less consequential given the electronic nature of most of the documentary evidence. Hodge Decl. ¶ 10.

In short, transfer is appropriate because of the first-filed currently pending litigation of the same issues in the Northern District of California. Without transfer, duplicative litigation will result and important resources wasted.

## II. IN THE ALTERNATIVE, THE COURT SHOULD STAY THE PROCEEDINGS IN FAVOR OF THE FIRST-FILED ACTIONS IN CALIFORNIA.

At the very least, this action should be stayed in light of the earlier-filed and still-pending consolidated action to avoid duplicative litigation. "It is well established that 'as between federal district courts, . . . the general principle is to avoid duplicative litigation.'" *St. Paul Fire & Marine Ins. Co. v. Christensen Shipyards, Ltd.*, No. 06-21133CV ALTONAGE, 2006 WL 2582994, at *3 (S.D. Fla. Aug. 28, 2006) (quoting *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986). This Court has "broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." *Id.* (citation omitted). "Where two federal courts with concurrent jurisdiction are involved," the moving party "must demonstrate merely that the stay is appropriate," not that there is a "compelling need." *Gov't of Virgin Islands v. Neadle*, 861 F. Supp. 1054, 1056 (M.D. Fla. 1994).

The "'general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions.'" *Leviton Mfg. Co. v.*

Case 0:07-cv-61395-WJZ Document 12 Entered on FLSD Docket 10/12/2007 Page 8 of 11
Case 6:07-cv-540-Orl-JGG Document 10 Filed 10/23/2007 Page 8 of 11

CASE NO.: 07-61395 CIV ZLOCH/SNOW

*Interline Brands Inc.*, No. 3:05-cv-123-J-33MCR, 2006 WL 2523137, at *1 (M.D. Fla. Aug. 30, 2006) (quoting *Durbin*, 793 F.2d at 1551-52). That test is met here. Apple is the only defendant here and in the consolidated action. Both Black and the consolidated plaintiffs purport to represent classes of consumers. The consolidated plaintiffs seek relief on behalf of a nationwide class of people who "purchased an iPod from Apple" or "purchased audio or video files from the [iTunes] Store." AIIA Compl. ¶¶ 31-32. Likewise, Black purports to represent all Florida consumers who have "purchased an Apple iPod" or "purchased and downloaded digital content (music, video, etc.) from the iTunes Store." ¶ 22. While Black's complaint is limited to Florida consumers and the consolidated complaint alleges a nationwide class, "[a] complete identity of the parties is not required to stay an action." *Neadle*, 861 F. Supp. at 1056. This is particularly true where the putative nationwide class in the consolidated complaint encompasses the Florida class alleged in Black's complaint.

The factual and legal issues, and the relief sought, are the same in both actions. Both the consolidated plaintiffs and Black seek treble damages for violation of antitrust laws. Although the consolidated plaintiffs assert claims under the Sherman Act, Black's state antitrust claims are governed by the same law, as noted above. Indeed, Black's allegations mirror the consolidated complaint. *See Leviton Mfg.*, 2006 WL 2523137, at *2 (granting stay in favor of more advanced New Mexico action that "mirrors the present litigation ...."). Both the consolidated plaintiffs and Black allege the same anticompetitive conduct and relevant product markets. *See supra*, pp. 2-3.

In addition to the common parties and issues between the suits, the consolidated cases were filed first, "a fact that . . . favor[s] retention of jurisdiction." *St. Paul Fire*, 2006 WL 2582994, at *3. The "first to file rule" is especially applicable here where the consolidated cases

are substantially further along. The consolidated cases have proceeded beyond pleading motions and are heading into class certification briefing. The court has permitted several categories of discovery including discovery related to class issues. *See* Ex. C (7/20/07 Order Re: Plaintiffs' Motion for Administrative Relief). Without the protection of a stay, the same issues would likely be litigated in both jurisdictions, potentially resulting in inconsistent rulings. This is "a result that federal courts have routinely sought to avoid." *St. Paul Fire*, 2006 WL 2582994, at *3 (concluding stay was warranted because otherwise there would be "litigation of identical issues in parallel proceedings"). Apple would also likely be subject to duplicative discovery requests, required to produce the same witnesses for repeat depositions and obligated to brief similar pretrial issues, like class certification opposition, in multiple courts.

A stay until the California court decides class certification is the best way, aside from transfer, to avoid duplication of effort and prejudice to Apple. The consolidated plaintiffs are expected to move for class certification in the next several months. If a nationwide class is certified in the California case, Black and his putative class will be part of the nationwide class seeking the same relief they seek here. If no class is certified and Black's complaint survives the motion to dismiss, his case can resume here with the benefit of the California proceedings.

Prior to filing this Motion, counsel for Apple, Janet T. Munn spoke telephonically with counsel for Plaintiff, Edward Curtis, in a good faith attempt to resolve the motion by agreement and Mr. Curtis agreed on behalf of the Plaintiff to the filing of this motion.

## CONCLUSION

For these reasons, the action should be transferred to the Federal District Court for the Northern District of California or stayed pending the outcome of the class certification proceedings in *The Apple iPod iTunes Antitrust Litigation* in the Northern District of California.

CASE NO.: 07-61395 CIV ZLOCH/SNOW

## CERTIFICATION OF GOOD FAITH ATTEMPT TO RESOLVE

I hereby certify that prior to filing this motion that Janet T. Munn, counsel for Apple, in a good faith attempt to resolve this motion by agreement, telephoned Plaintiff's counsel and spoke with Edward R. Curtis, Esq., who agreed to this motion.

Dated: October 12, 2007

Respectfully submitted,

**s/ Janet T. Munn**
(Florida Bar No. 501281)
jmunn@ebglaw.com
EPSTEIN BECKER & GREEN, P.C.
200 S. Biscayne Boulevard, Suite 2100
Miami, Florida 33131
Tel: 305-375-7592
Fax: 305-982-1521

and

Robert A. Mittelstaedt (California Bar No. 060359)
ramittelstaedt@jonesday.com
Tracy M. Strong (California Bar. No. 221540)
tstrong@jonesday.com
Lara Kollios (California Bar No. 235395)
lkollios@jonesday.com
JONES DAY
555 California Street
26th Floor
San Francisco, California 94104
Telephone: 415-875-5710
Fax: 415-875-5700

*Admitted Pro Hac Vice*
*Attorneys for Defendant, Apple Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of October, 2007, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified below the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing:

Edward R. Curtis, Esq.
William T. Cotterall, Esq.
TRIPP, SCOTT, P.A.
110 S. E. Sixth Street, 15th Floor
Fort Lauderdale, Florida 33301
Telephone: 954-525-7500
Facsimile: 954-761-8475

*Counsel for Plaintiff*

/s/Janet T. Munn
Attorney for Apple Computer, Inc.