UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-61395 CIV-ZLOCH/SNOW

FREDERICK BLACK

    Plaintiff,

v.

APPLE, INC., a
Foreign corporation,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR REMAND**
**AND SUPPORTING MEMORANDUM OF LAW**

COMES NOW, Plaintiff, FREDERICK BLACK, by and through his undersigned counsel, pursuant to 28 U.S.C. §1447, and files this, his Motion for Remand and Supporting Memorandum of Law, to have this action remanded to the State Court, and in support thereof states as follows:

**Procedural Background**

1.    Plaintiff filed his initial Complaint on August 27, 2007 in the 17th Judicial Circuit, in and for Broward County, Florida.

2.    On August 29, 2007, Plaintiff acquired service of process on Defendant, Apple, Inc.

3.    On September 28, 2007, Defendant filed its Notice of Removal in this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

4.    Defendant basis the Removal of this action on the Class Action Fairness Act (CAFA) and 28 U.S.C. §§1332(d), 1441 stating "the aggregated amount in controversy based

1

upon plaintiff's allegations exceeds the sum of $5,000,000 exclusive of interests and costs." Notice of Removal ¶4.

5. Defendant has not met its burden, pursuant 28 U.S.C. §1332(d)(2), to prove by a preponderance of the evidence that Plaintiffs allegations exceed the $5,000,000 amount in controversy requirement.

**WHEREFORE**, Plaintiff, FREDERICK BLACK, respectfully requests this Court remand this action to State Court and enter an Order reflecting such and for all other relief this Court deems just and proper.

## MEMORANDUM IN SUPPORT OF REMAND

Class Action Fairness Act

Under the Class action Fairness Act, the federal courts have original jurisdiction over class actions where there is minimal diversity of jurisdiction *and* the amount in controversy exceeds five million dollars ($5,000,000.00). 28 U.S.C. §1332(d)(2)(emphasis added); See also Evans v. Walter Industries, Inc., 449 F.3d 1159, 1163 (11th Cir. 2006). Plaintiff does not dispute that there is minimal diversity in this matter, therefore the sole issue for the Court's determination is the amount in controversy and whether Defendant has proven by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $5,000,000.

Burden and Standard of Proof

The U.S. Court of Appeals for the Eleventh Circuit has held that the defendant seeking removal under CAFA has the burden of proving to the court that the aggregated amount in controversy exceeds the jurisdictional requirement of $5,000,000. See Miedema v. Maytag Corp., 450 F.3d 1332, 1330 (11th Cir. 2006) (the burden of establishing jurisdiction is on the

3

defendant and all doubts are to be resolved in favor of remand). The Court in *Miedema v. Maytag Corp.* stated in part:

> **[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement**. Id. Citing *Williams v. Best Buy Co.*, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (emphasis added)

As evident by the pleadings, Plaintiff does not allege any specific amount of damages in this action. As such, the Court must rely upon the evidence presented by the removing party, at the time of removal, to prove that the amount in controversy exceeds the $5,000,000 jurisdictional requirement. Miedema v. Maytag Corp., 450 F.3d at 1330.

In this case, the Defendant relies upon the affidavit of Leroy Elkin who states that: 1) according to Apple records, more than 1 million iPods have been sold in Florida; and 2) the retail prices of iPods range from $79 to $399 depending on the iPod model. Notice of Removal, Exhibit "B". Importantly, this affidavit is the only evidence Defendant relies upon in establishing the amount in controversy. There is no evidence before the Court on how many $79 units were sold compared to how many of the $399 units were sold, or how such a variance adjusts Defendants' calculations. Furthermore, there is no evidence of actual price paid per proposed class member. The only monetary figure provided was a range of what the "retail" price was. We are unable to ascertain if the "retail" price is the same price charged by the Defendant's third party retailers.

In reaching the jurisdictional requirement of $5,000,000, Defendant relies upon an arbitrary damages number of $1.67. There is no evidence before the Court to support this figure. Under Defendants reasoning, if a jury determines that there is an overpricing of $1.25 rather than $1.67, the jurisdictional requirement has not been established. Nor are we able to ascertain

whether damages will be calculated solely on iPod sales, solely on iTunes music sales, or some combination thereof. Without this information, there is no reasonable justification for the amount in controversy calculation proffered by the Defendant.

As such, although the number of iPod units sold in Florida may have been established to exceed a certain number, an amount in controversy has not been established with any certainty. This is similar to the facts before the court in *Miedema v. Maytag Corp.* where the Court found that the defendant did not meet its burden of proving the required amount in controversy for removal. The Court stated in pertinent part:

> … the district court did not err when it found that "great uncertainty" remained about the amount in controversy, resolved that uncertainty in favor of remand, and concluded that [defendant] had not established, by a preponderance of the evidence, that the amount in controversy exceeded $5,000,000. Accordingly, remand for lack of subject matter jurisdiction was appropriate. Miedema v. Maytag Corp., 450 F.3d at 1332.

**Conclusion**

For the reasons stated, Defendant has not met its burden in establishing that the amount in controversy in this matter exceed the $5,000,000 jurisdictional requirement and therefore this case should be remanded back to state court.

Dated: October 15, 2007

Respectfully submitted,

 /s/ William T. Cotterall

TRIPP, SCOTT, P.A.
*Counsel for Plaintiff*
110 S.E. Sixth Street, 15th Floor
Fort Lauderdale, Florida 33301
Telephone: 954-525-7500
Facsimile: 954-761-8475
Edward R. Curtis, Esq.
Florida Bar No. 236845
erc@trippscott.com
William T. Cotterall, Esq.
Florida Bar No. 574651
wtc@trippscott.com

4

443035v1 993991.0001